UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-712 CAS |
| ) | |
| USAA GARRISON INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Willie Watson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *28 U.S.C. § 1915(e)*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

*Factual Allegations*

Plaintiff brings this action against the USAA Garrison Insurance Company, the St. Louis County Police Department, Chief of Police Tim Fitch, and the State of Missouri. As grounds for filing this case, plaintiff asserts that he is seeking a "writ of attachment, pursuant to Rule 85.03," and that the nature of his claim is "fraud on the courts, bad faith insurance settlement, theft of movable property." As basis for this Court's jurisdiction, plaintiff alleges "the actions of defendants are in violation of the Civil Rights Act of 1871 (42 U.S.C.A. Section 1983) Fourteenth Amendment and Fourth Amendment."

In the body of his complaint plaintiff describes a dispute with his loan company over the financing of his 2005 Chevy Uplander. Plaintiff claims that two persons showed up in his driveway in December of 2012 with a tow truck and began <u>attempting</u> to tow his Chevy Uplander from his driveway of his home on Castle Drive in St. Louis, Missouri. Plaintiff asserts that he called the St. Louis County police to the scene, and Officer Bob Marley[1] allowed the individuals to take his vehicle, telling plaintiff that it was a "civil matter." Plaintiff claims that he was told that he could get his Uplander back if he would pay $1500.

He claims he made a police report to a St. Louis County police officer and filed a claim with his insurance company, USAA Garrison Insurance Company. Plaintiff alleges that the police refused to get involved in the matter and stopped investigating the "disappearance" of his car.

Plaintiff asserts broadly that the aforementioned conduct of the St. Louis County police has deprived him of "due process, equal protection under color of law." He claims that "the State of Missouri is the only entity that reserves the right to remove private property without proper notice, any other entities found are in violations of federal law. . .and are subject to replevin, damages, cost and reasonable attorney's fees." Plaintiff also claims that the defendants acted in negligence. He seeks compensatory and punitive damages, as well as injunctive relief.

This is not the first time plaintiff has filed an action in this Court. <u>See</u> <u>Watson v. State of Missouri</u>, No. 4:13CV782 RWS (E.D.Mo. 2013). On April 24, 2013, plaintiff filed a duplicative action against the State of Missouri, St. Louis County and Chris Koster.[2] The Court dismissed plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B) on May 3, 2013. [Docs. 8 and 10]. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals. His appeal, however,

---

[1] Plaintiff believes Officer Marley was under the "responsibility of Chief Tim Fitch."

[2] The Court takes judicial notice of plaintiff's facts, as stated in his pleadings in his prior action.

was dismissed due to his failure to pay the filing fee. Watson v. State of Missouri, No. 13-2567 (8th Cir. 2013).

It appears that after the dismissal of his Federal Court action, plaintiff filed a similar action for conspiracy, conflict of interest, insurance fraud, breach of contract, and bad faith against the State of Missouri, St. Louis County, Tim Fitch and Chris Koster in the 21st Judicial Circuit of St. Louis County, Missouri. His action was dismissed by the Court on August 6, 2013, without prejudice, for his failure to comply with the instructions of the Court. A judgment was entered against the plaintiff, with costs assessed, on August 29, 2013. See Watson v. State of Missouri, Case No. 13SL-AC18152 (21st Cir.), at Missouri.Case.net. https://www.courts.mo.gov/casenet/cases.

Plaintiff additionally counterclaimed against the State of Missouri in an action brought against him by the Missouri Department of Revenue for failure to pay personal property taxes. See Collector of Revenue v. Watson, No. 13SL-AC38845 (21st Cir.). Plaintiff's counterclaim against the State of Missouri was dismissed, with prejudice, on April 17, 2014, according to the docket displayed on Missouri.Case.net and the judgment attached to plaintiff's filings in this Court. See Docket No. 8-1, p.9 of 15. It is unclear exactly what his counterclaims against the State of Missouri entailed, although plaintiff alludes in his pleading that the counterclaims dealt with the issues in the instant case.

*Discussion*

As noted above, Mr. Watson had a prior action in this Court. See Watson v. State of Missouri, No. 4:13CV782 RWS (E.D.Mo.2013). In that suit, plaintiff made identical allegations as those in this case, and the Court found his lawsuit to be without merit and dismissed his allegations pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the allegations in the instant complaint are duplicative of the allegations plaintiff brought in his prior Federal Court case, the

instant complaint will be dismissed as duplicative. See, e.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Notwithstanding plaintiff's current action against defendants being barred as duplicative, to the extent that plaintiff is seeking to have this Court void or overturn his other state court actions, see, e.g., Watson v. State of Missouri, Case No. 13SL-AC18152 (21st Cir.), this Court lacks jurisdiction to do so. Postma v. First Fed.Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may only be had in the Supreme Court." Id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his pleadings is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's motions to take judicial notice of "adjudicative facts" and "for leave to file affidavit" are **GRANTED** to the extent that the Court takes judicial notice of the record before this Court and the state court filings relative to this action. [Docs. 7 and 8]

**IT IS FURTHER ORDERED** that plaintiff's motions to "compel duties of the Clerk," to serve interrogatories and "to make an offer of proof" are **DENIED as moot**. [Docs. 9, 10 and 11]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot.** [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of July, 2014.